**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**JACKSONVILLE DIVISION**

SARAH S. FARROKH, an
individual,

      Plaintiff,

v.                                                            Case No. 3:26-cv-926-MMH-LLL

EQUIFAX INFORMATION
SERVICES, LLC, a Georgia
limited liability company, et al.,

      Defendant.

_____/

## O R D E R

**THIS CAUSE** is before the Court <u>sua</u> <u>sponte</u>. On June 23, 2026, Plaintiff

Sarah S. Farrokh filed an Amended Complaint and Demand for Jury Trial (Doc.

18; Amended Complaint) against Defendants Equifax Information Services,

LLC, Experian Information Solutions, Inc., and Radifi Federal Credit Union.

<u>See generally</u> Amended Complaint. Upon review, the Amended Complaint is

due to be stricken because it constitutes an impermissible "shotgun pleading."

The Federal Rules of Civil Procedure (Rule(s)) require that a complaint

contain "a short and plain statement of the claim showing that the pleader is

entitled to relief[.]" Fed. R. Civ. P. 8(a)(2). "A complaint need not specify in detail

the precise theory giving rise to recovery. All that is required is that the

defendant be on notice as to the claim being asserted against him and the grounds on which it rests." Evans v. McClain of Ga., Inc., 131 F.3d 957, 964 n.2 (11th Cir. 1997) (quoting Sams v. United Food & Comm'l Workers Int'l Union, 866 F.2d 1380, 1384 (11th Cir. 1989)). Despite the liberal pleading requirements of Rule 8, "a complaint must still contain either direct or inferential allegations respecting all material elements of a cause of action." Snow v. DirecTV, Inc., 450 F.3d 1314, 1320 (11th Cir. 2006) (emphasis omitted). Rules 8 and 10 work together

> to require the pleader to present h[er] claims discretely and succinctly, so that h[er] adversary can discern what [s]he is claiming and frame a responsive pleading, the court can determine which facts support which claims and whether the plaintiff has stated any claims upon which relief can be granted, and, at trial, the court can determine that evidence which is relevant and that which is not.

Fikes v. City of Daphne, 79 F.3d 1079, 1082 (11th Cir. 1996) (quoting T.D.S., Inc. v. Shelby Mut. Ins. Co., 760 F.2d 1520, 1543 (11th Cir. 1985) (Tjoflat, J., dissenting)).

Significantly, a complaint may not run afoul of the Eleventh Circuit's prohibition against shotgun pleading. See generally Weiland v. Palm Beach Cnty. Sheriff's Off., 792 F.3d 1313, 1321–23 (11th Cir. 2015) (outlining four broad categories of impermissible shotgun pleadings).[1] The Eleventh Circuit has

---

[1] In Weiland, the Eleventh Circuit "identified four rough types or categories of shotgun pleadings." See Barmapov v. Amuial, 986 F.3d 1321, 1324 (11th Cir. 2021) (quoting Weiland, 792 F.3d at 1321). As the Barmapov court explained,

unequivocally instructed that shotgun pleadings are "altogether unacceptable." Cramer v. Florida, 117 F.3d 1258, 1263 (11th Cir. 1997); see also Cook v. Randolph Cnty., 573 F.3d 1143, 1151 (11th Cir. 2009) ("We have had much to say about shotgun pleadings, none of which is favorable.") (collecting cases). Indeed, the Eleventh Circuit has engaged in "a thirty-year salvo of criticism aimed at shotgun pleadings, and there is no ceasefire in sight." Weiland, 792 F.3d at 1321; see, e.g., id. at 1321 n.9 (collecting cases). As the court in Cramer recognized, "[s]hotgun pleadings, whether filed by plaintiffs or defendants, exact an intolerable toll on the trial court's docket, lead to unnecessary and unchannelled discovery, and impose unwarranted expense on the litigants, the court and the court's parajudicial personnel and resources." Cramer, 117 F.3d at 1263. As such, when faced with the burden of deciphering a shotgun pleading, it is the trial court's obligation to strike the pleading on its own initiative and force the plaintiff to replead to the extent possible under Rule 11. See id.

> The first [category] is "a complaint containing multiple counts where each count adopts the allegations of all preceding counts, causing each successive count to carry all that came before and the last count to be a combination of the entire complaint." The second is a complaint "replete with conclusory, vague, and immaterial facts not obviously connected to any particular cause of action." The third is a complaint that does not separate "each cause of action or claim for relief" into a different count. And the final type of shotgun pleading is a complaint that "assert[s] multiple claims against multiple defendants without specifying which of the defendants are responsible for which acts or omissions, or which of the defendants the claim is brought against."

Id. at 1324–25 (citations omitted) (quoting Weiland, 792 F.3d at 1321–23).

3

(admonishing district court for not striking shotgun complaint on its own initiative); see also Weiland, 792 F.3d at 1321 n.10 ("[W]e have also advised that when a defendant fails to [move for a more definite statement], the district court ought to take the initiative to dismiss or strike the shotgun pleading and give the plaintiff an opportunity to replead.").

Relevant here is the third category of shotgun pleadings because Farrokh does "not separat[e] into a different count each cause of action or claim for relief." Weiland, 792 F.3d at 1323. In each count of the Amended Complaint, Farrokh lumps two distinct causes of action together by alleging that the defendants willfully and, in the alternative, negligently violated the Fair Credit Reporting Act (FCRA). See Amended Complaint ¶¶ 48, 54, 60, 66, 75; Santos v. Healthcare Revenue Recovery Grp., LLC, 90 F.4th 1144, 1151, 1153 (11th Cir. 2024) ("The [FCRA] creates a private right of action for consumers against '[a]ny person who willfully' violates the Act. . . . Like for willful violations, the Act provides a cause of action for negligent violations." (second alteration in original)). This kitchen sink manner of pleading fails to comply with Rules 8 and 10 and makes it impossible to discern which causes of action are actually at issue in this particular lawsuit. See Anderson v. Dist. Bd. of Trs. of Cent. Fla. Cmty. Coll., 77 F.3d 364, 366 (11th Cir. 1996) (explaining that a properly drawn complaint "will present each claim for relief in a separate count, as required by Rule 10(b), and with such clarity and precision that the defendant will be able

to discern what the plaintiff is claiming and to frame a responsive pleading" (internal footnote omitted)).

Because the Amended Complaint is an impermissible shotgun pleading, the Court will strike the filing and direct Farrokh to file a corrected complaint. See Holbrook v. Castle Key Ins. Co., 405 F. App'x 459, 460 (11th Cir. 2010) ("The district court has the inherent authority sua sponte to require the plaintiff to file a more definite statement."). Farrokh must avoid the shotgun pleading deficiency discussed above. Failure to comply with the Rules and this Order may result in a dismissal of this action without further notice.

In light of the foregoing, it is

**ORDERED**:

1. The Amended Complaint and Demand for Jury Trial (Doc. 18) is **STRICKEN**.

5

2.  Sarah S. Farrokh shall have up to and including **July 21, 2026**, to file a corrected complaint. Farrokh is cautioned that failure to file a corrected complaint in accordance with this Order may result in the dismissal of her case for failure to prosecute.

**DONE AND ORDERED** in Jacksonville, Florida, June 30, 2026.

**MARCIA MORALES HOWARD**
United States District Judge

lc36
Copies to:
Counsel of Record